**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENNEN HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-909 RLW |
| | ) | |
| GMC AUTO SALES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Brennen Hurt for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be required to amend his complaint on a Court-provided form within twenty-one days of the date of this Memorandum and Order.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff Brennen Hurt filed this action on July 17, 2023, by filing a form "Civil Complaint" naming GMC Auto Sales as the sole defendant in this action. Plaintiff asserts in the complaint that GMC Auto Sales is incorporated in Missouri and has its principal place of business in Missouri. Plaintiff does not identify which "GMC Auto Sales" dealership he is suing, however. He alleges that he is a citizen of the State of Missouri.

Plaintiff states in the complaint that the jurisdictional basis for the present action is "breach of contract.[1]" [ECF No. 1, p. 3].

In the "Statement of Claim," in this case, plaintiff states as follows:

1. Plaintiff [e]ntered into defendant['s] business after receiving a call about $0 down.

2. Plaintiff received an offer of credit from defendant[']s employee, in which plaintiff accepted the offer by filling out personal information on the application for credit. Plaintiff added value to the application, [m]aking it a security/an asset.

3. By accepting Plaintiff's deposit or asset/security and opening an account in plaintiff's name, the defendant entered into a contract with the plaintiff.

4. Despite the plaintiff sending a tender, power of attorney, and clear instructions to apply principal[']s balance to the principal[']s account, Defendant ignored all letters sent certified through USPS mail.

5. Despite this the defendant unjustly chose not to honor the plaintiff's deposit of the asset as payment, breaching the implicit agreement to honor and credit the account for the holder.

6. This act by the defendant directly breaches the contract between plaintiff and defendant and is contravention of the obligations that the defendant has to the plaintiff.

7. As a direct result of this breach, Plaintiff has suffered harm, including but not limited to, financial losses due to the denied beneficial interest of the asset, reputational damage due to falsely denying us [our] vehicle for our family, personal household use and emotional distress.

8. Defendant's denial of Plaintiff's beneficial interest in the asset/security without providing just compensation, is tantamount to deprivation of property. Fifth Amendment of the [U]nited [S]tates [C]onstitution prohibits such conduct stating that "NO person shall be deprived of life liberty, or property without due process of law, nor shall private property be taken for public use, without just compensation."

---

[1] On his "Civil Cover Sheet" attached to the complaint, plaintiff claims that the jurisdictional basis for this action is "breach of contract." In his complaint, plaintiff additionally claims the following as "Federal question" claims: "breach of fiduciary duties MO revised 400.3-307; deprivation of rights Fifth Amendment; and violation of truth in lending act." Plaintiff has not elaborated on these alleged causes of action in the complaint. [ECF No. 1, p. 8].

9.  The taking of plaintiff's property by the Defendant under these circumstances and without just compensation amounts to an unjust enrichment of the Defendant at the expense of the Plaintiff. This enrichment is contrary to principles.

10. Defendant by denying the plaintiff's rightful beneficial interest in the asset defendant has failed to correctly disclose the terms and cost of consumer credit according to the [T]ruth in [L]ending [A]ct.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution, Laws, or treaties of the United States.

[ECF No. 1, pp. 5 and 7].

Plaintiff states, under a section titled, "Amount in Controversy:"

The vehicle is worth $43,000 or the financial asset they accepted in the amount for the vehicle. Plaintiff damages = $47,000 altogether.

[ECF No. 1, p. 4].

Plaintiff filed a supplement to his complaint on July 26, 2023, with a signed copy of the supplemental pleading provided to the Court on August 1, 2023. [ECF Nos. 4 and 5]. In the supplemental pleading, plaintiff adds the following allegations, in pertinent part:

3. Defendant failed to correctly disclose the terms and cost of consumer credit as required by the [T]ruth in [L]ending [A]ct by denying the plaintiff's rightful beneficial interest in the asset defendant received, thereby violating the [T]ruth in [L]ending [A]ct.

4. Defendant's denial of plaintiff's beneficial interest in the asset/Contract without providing just compensation, is tantamount to a deprivation of property. The Fifth Amendment of the United States Constitution prohibits such conduct, stating that "NO person shall be deprived of life, liberty, or property, without due process of law. Nor shall private property be taken for public use without just compensation."

5. Defendant has ignored all certified mail sent, expressing the trust, contract, and rights the Plaintiff has. Defendant has Stopped the plaintiff from the pursuit of happiness and living a joyful life of liberty.

[ECF No. 5, p. 1].

For relief in this action plaintiff states that he wants the defendant to perform "fiduciary duties and release the title and vehicle to the plaintiff." Alternatively, plaintiff seeks a "check in

the amount of the asset taken." [ECF No. 1, p. 5]. Additionally, in his supplemental pleading, plaintiff states that he is seeking "statutory and punitive damages," as well as injunctive and declaratory relief. [ECF No. 5, p. 1].

Plaintiff filed what appears to be a substantially similar case to the present one on June 29, 2023, against defendants Exeter Finance, LLC and Chief Financial Officer for Exeter, Jason Kulas. *See Hurt v. Exeter Finance, LLC*, No. 4:23-CV-00836 HEA (E.D. Mo. 2023). In that case, plaintiff sued Exeter, an automobile financing company, for purportedly repossessing his vehicle. The Court ordered plaintiff to show cause for lack of subject matter jurisdiction on July 13, 2023, and he filed a response to the Court's Order on July 24, 2023. The Court dismissed his action for lack of jurisdiction on August 25, 2023. *Id.*

The Court is unable to determine if the prior action, *Hurt v. Exeter Finance, LLC*, No. 4:23-CV-00836 HEA (E.D. Mo. 2023), is related to the same vehicle plaintiff complains about in this action.

### Discussion

#### A.  Review of Plaintiff's Allegations

The Court has reviewed plaintiff's complaint in its entirety and finds that it fails to state a claim upon which relief may be granted. Additionally, as currently pled, it fails to establish this Court's jurisdiction under either the diversity statute or federal question jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

Many of the necessary facts appear missing from plaintiff's complaint. It is unclear exactly what occurred between plaintiff and GMC Auto Sales such that he is alleging a breach of contract under Missouri state law. The Court can only guess, but cannot state with any certainty, that plaintiff may have attempted to buy a car at GMC Auto Sales, applied for credit, and may have

even put some money down towards a vehicle, but somehow, the deal for the sale of the vehicle fell through.

Plaintiff does not state what vehicle he attempted to buy at GMC Auto Sales or if he was able to buy the vehicle and drive it home. Plaintiff does not state if he put a sum of money down toward a vehicle, what that sum was, or what exactly occurred after the contract fell through. In addition, plaintiff's complaint does not state whether the contract was with GMC Auto Sales or with a bank that GMC Auto Sales directed plaintiff to for financing purposes.

Moreover, although plaintiff claims that GMC Auto Sales violated his rights under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.,* and perhaps the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.,* he has failed to indicate the sections of the Acts under which he is suing the defendant. *See, e.g., Kosobucki v. Bank of America, N.A.,* No. 15-60458-Civ-Scola, 2015 WL 11198244 at *2 (S.D. Fla. July 30, 2015) (finding that the defendant was not afforded fair notice and explaining that "TILA and RESPA are highly specific statutes and the [plaintiffs'] claims do not clearly indicate what TILA violation occurred and what RESPA violation occurred."); *Yancey v. First Bank*, No. 6:16-CV-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA and Regulation Z claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance*, No. 1:20-cv-23105-UU, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant).

Finally, plaintiff's assertions that defendant GMC Auto Sales violated his rights under the Fourth and Fifth Amendment fail to state a claim for relief, as GMC Auto Sales is a private actor. *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

- 6 -

**B.  Instructions for Amending Plaintiff's Complaint to Comply with Jurisdiction**

Because it appears that plaintiff's complaint does not comply with this Court's jurisdictional requirements, the Court will allow plaintiff to amend his complaint on a Court-provided form to fulfill this Court's jurisdictional bases. Plaintiff should fill in the "Statement of Claim," on the Court form and provide the background information requested in "Part A" of this Memorandum and Order, specifically, information relating to his interactions with GMC Auto Sales; when they occurred; what exactly occurred; what the contract allegedly entailed; whether the contract was entered into between the two parties; if plaintiff provided money or a trade-in as part of a down payment; whether he received a vehicle in return for a financing agreement; what the vehicle was, who he signed the financing agreement with and on what date; why he believes such an agreement was breached; and what his damages are. **If possible, plaintiff should attach a copy of the contract to his amended complaint**.

The Court warns plaintiff that a failure to complete the Court form in its entirety could lead to dismissal of this matter. Further, plaintiff is advised that the filing of an amended complaint completely replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). In submitting the amended complaint, plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint. Plaintiff's amended complaint will be due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order.

The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal without prejudice for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

Based on the complaint as currently pled, plaintiff has failed to establish either federal question or diversity jurisdiction. He has not identified which GMC Auto Sales dealership he is suing such that the Court is able to ascertain the citizenship of the defendant, and he has not established that the amount in controversy is over $75,000. Additionally, he has not established that he is suing under a federal statute or a constitutional provision. As currently pled, plaintiff is suing under a state law breach of contract claim which does not establish this Court's federal question or diversity jurisdiction.

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When

determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff is required to amend his complaint on the Court-provided form **by September 18, 2023**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF NO. 3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with the Court's Order, this action may be dismissed without prejudice and without further notice.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of August, 2023.