UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENNEN HURT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GMC AUTO SALES, )<br>)<br>Defendant. ) | No. 4:23-CV-909 RLW |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint filed on September 15, 2023. In his amended complaint, plaintiff responds to the Court's August 28, 2023 Memorandum and Order, ECF No. 6, in which the Court directed that plaintiff set forth this Court's subject matter jurisdiction. After reviewing the amended complaint, and for the reasons discussed below, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

### Background

Plaintiff Brennen Hurt filed this action on July 17, 2023, by filing a form "Civil Complaint" naming GMC Auto Sales as the sole defendant in this action. [ECF No. 1]. Although plaintiff's claims in his complaint were somewhat unclear, it appeared that plaintiff had attempted to buy a vehicle from defendant but the sale of the vehicle fell through.

Plaintiff claimed in his original complaint that the jurisdictional basis for the present action was "breach of contract.[1]" Although in a supplement to his complaint, ECF Nos. 4 and 5, plaintiff

---

[1] On the "Civil Cover Sheet" attached to his complaint, plaintiff claimed that the jurisdictional basis for his action was "breach of contract." In his complaint, plaintiff additionally claimed: "Federal question" claims: "breach of fiduciary duties MO revised 400.3-307; deprivation of rights Fifth Amendment; and violation of truth in lending act." Plaintiff's complaint failed to elaborate on these claims, however.

stated in a conclusory manner that defendant had violated the Truth in Lending Act (TILA), he failed to identify with specificity the provisions of the TILA that had allegedly been violated.[2] Last, plaintiff claimed that his Fourth and Fifth Amendment rights were violated by GMC Auto Sales. However, plaintiff failed to indicate in his complaint how defendant, a private actor, had violated his constitutional rights.[3]

Considering the factual, procedural, and jurisdictional defects in plaintiff's complaint, the Court ordered plaintiff to amend his pleading on a Court-provided form by September 18, 2023. [ECF No. 6]. Plaintiff was instructed to provide information relative to his interactions with GMC Auto Sales, including: (1) when the contract he complained of allegedly occurred; (2) what the contract between the parties entailed; (3) whether the contract was entered into between the two parties or additional actors; (4) if plaintiff provided money or a trade-in as part of a down payment; (5) whether he received a vehicle in return for a financing agreement; (6) what the vehicle was that plaintiff allegedly contracted for; (7) who he purportedly signed the financing agreement with and on what date; (8) why plaintiff believed an agreement between the parties was breached; and (9) the purported damages. [ECF No. 6, p. 7].

---

[2]The Court stated in the August 28, 2023 Memorandum and Order, ECF No. 6, that to allege a violation under the TILA, plaintiff needed to identify the specific section of the TILA that defendant had violated. *See, e.g., Kosobucki v. Bank of America, N.A.*, No. 15-60458-Civ-Scola, 2015 WL 11198244 at *2 (S.D. Fla. July 30, 2015) (finding the defendant was not afforded fair notice and explaining that the "TILA and RESPA are highly specific statutes and the [plaintiffs'] claims do not clearly indicate what TILA violation occurred and what RESPA violation occurred."); *Yancey v. First Bank*, No. 6:16-CV-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA and Regulation Z claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance*, No. 1:20-cv-23105-UU, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant).

[3]The Court stated in the August 28, 2023 Memorandum and Order that claims brought pursuant to 42 U.S.C. § 1983 alleging violations of the Constitution could only be brought against state actors, not private actors, like defendant. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993).

Plaintiff was also instructed to indicate the jurisdictional basis under which he was suing defendant in this action, whether it was federal question or diversity jurisdiction. Plaintiff was warned that he had not established diversity jurisdiction in this action, nor had he established federal question jurisdiction. [[ECF No. 6, p. 8]. Rather, as currently pled, his complaint merely asserted a state law breach of contract claim.

## Amended Complaint

In his amended complaint, plaintiff asserts that this Court's jurisdiction lies under 28 U.S.C. § 1331, or federal question jurisdiction. [ECF No. 7]. However, under the section titled "Federal Question," plaintiff lists the following: "Breach of Contract; Security Fraud; Failure to disclose information." *Id.* at p. 3. Plaintiff has not included a statutory basis for any of the claims listed in his amended complaint.

Under the section titled "Diversity of Citizenship," plaintiff acknowledges that he is a citizen of the State of Missouri, and GMC Auto Sales, located at 225 N. 67 Florissant, Missouri, is "incorporated under the laws of the State of Missouri." Plaintiff additionally claims that the amount in controversy is $80,000, which "defendant owes [p]laintiff." *Id.*

Plaintiff alleges that he was contacted by an employee of defendant GMC Auto Sales and told about a "$0 cash down for financing" deal. On March 14, 2023, plaintiff and his wife went into defendant's business "in hopes of purchasing a vehicle." He filled out an application for credit, which plaintiff claims came from defendant. Plaintiff states that he "accepted defendant[']s offer of credit by filling out personal and private information, and by putting the SSN or security account number on the application." *Id.*

Plaintiff alleges that offer and acceptance of the contract occurred when he returned the filled-out offer of credit to the defendant. He further claims that the contract became "a security or promissory note" when plaintiff "returned the offer the application that was a cash payment."

Plaintiff does not indicate what he means by "cash payment," and he does not elaborate as to whether he provided cash to defendant when he gave back the completed application for credit check. Plaintiff simply states that he "gave the defendant an asset to cover the cost of the vehicle."

Last, plaintiff states:

> [P]laintiff would like the asset[']s value returned in its full amount plus damages. Plaintiff would like for defendant to release the proceeds from the application to finish the purchase of the 2020 Dodge Durango.

[ECF No. 7, p. 5.]

As noted above, plaintiff seeks $80,000 in damages in this action. He seeks $45,000 in damages for "security asset value." He seeks $10,000 for "deprivation" and an additional $10,000 for "unlawful seizure of property." Plaintiff also seeks $10,000 for "dishonor in commerce" and $5,000 for "failure to resolve." Notably, plaintiff does not seek return of an alleged cash amount that he purportedly gave to defendant. Thus, the Court is unsure if plaintiff has already had that amount returned to him.

### Plaintiff's Prior Action

Plaintiff filed what appears to be a substantially similar case to the present one on June 29, 2023, against defendants Exeter Finance, LLC and Chief Financial Officer for Exeter, Jason Kulas. *See Hurt v. Exeter Finance, LLC,* No. 4:23-CV-00836 HEA (E.D. Mo. 2023). In that case, plaintiff sued Exeter, an automobile financing company, for purportedly repossessing his vehicle. The Court ordered plaintiff to show cause for lack of subject matter jurisdiction on July 13, 2023, and he filed a response to the Court's Order on July 24, 2023. The Court dismissed his action for lack of jurisdiction on August 25, 2023. *Id.*

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every

federal case. *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the Court. *Gray v. City of Valley Park, Mo.,* 567 F.3d 976, 982 (8th Cir. 2009). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. See Federal Rule of Civil Procedure 12(h)(3).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court will first address whether diversity jurisdiction exists in this matter.

### A. Diversity Jurisdiction

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff acknowledged above that he and defendant are both citizens of the State of Missouri. Therefore, diversity jurisdiction is lacking in this matter. As such, this action may only proceed in federal court if plaintiff can adequately allege federal question jurisdiction.

### B. Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016)

(internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

In his amended complaint plaintiff asserts that the Court maintains federal question jurisdiction over this matter because of "Breach of Contract; Security Fraud; Failure to disclose information." However, plaintiff does not identify any federal statutes affiliated with these alleged causes of action. Plaintiff was warned in the Court's August 28, 2023 Memorandum and Order that the Court interpreted his claim as a state law breach of contract matter. Additionally, plaintiff was told that if he wished to allege a cause of action under the TILA he would need to state the specific statutory provision which he believed defendant had violated. Plaintiff has failed to do so. He has also failed to articulate any other federal statutory or constitutional basis for bringing the present lawsuit in his amended complaint. As a result, plaintiff has failed to establish the existence of federal question jurisdiction in this case.

## Conclusion

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendant are citizens of the same state. As a result, this case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this Memorandum and Order would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of September, 2023.